UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAUDAH MAYANJA,
    Plaintiff,

v.

WELLPATH, Medical Provider;
ASHLEY MONTEIRO, Nurse;
CINDYLOU LYONS, Health
Services Administrator, sued in
their individual capacities,
    Defendants.

Case No.
21-11770-FDS

JURY TRIAL DEMANDED

VERIFIED AMENDED COMPLAINT
FOR DAMAGES

### I. Introduction

1. This is a § 1983 action filed by Daudah Mayanja, a State prisoner, and former Pretrial Detainee at Suffolk County County Jail and House of Correction, alleging violation of his constitutional rights to receive medical care and seeking money damages of $2,000,000.00

### II. Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 USC § 1331 in that this is a civil action arising under the Constitution of the United States.

### III. Parties

3. Plaintiff, Daudah Mayanja, at all times relevant was held as a Pretrial Detainee at Suffolk County Jail and House of Correction in the State of Massachusetts.

4. Defendant Wellpath, a Medical Provider under contract with Suffolk County Jail and House of Correction, to provide medical care and services to Pretrial Detainees detained and otherwise held at the Jail, and this would specifically include the Plaintiff Daudah Mayanja.

5. Defendant Ashley Monteiro, at all times relevant was a Nurse employed by Wellpath, at Suffolk County Jail.

6. Defendant Cindylou Lyons, at all times relevant was the Health Services Administrator (HSA), employed by Wellpath, at Suffolk County Jail.

7. Defendants, Wellpath, Ashley Monteiro, and Cindylou Lyons, at all times relevant were acting under the Color of State Law and are being sued in their individual capacities.

IV. Exhaustion of Available Remedies

8. Plaintiff exhausted his administrative remedies before filing this complaint.

V. Factual Statement

9. On 11/16/2020, Plaintiff was Booked, No. 2005143 in Suffolk County Jail and House of Correction, located at 20 Bradston Street, Boston, MA. 02118, to await pretrial detention for a criminal case out of Superior Court in Boston.

10. Due to the nature of Plaintiff's confinement, he raised some concerns to the Medical Services Unit Staff (the Defendants) concerning Hepatitis (Hep.) "B" and "C" due to the Detainee's Housing Conditions in some of the cells/rooms, as it was a high risk to catch Hep. "B" and "C", as that was the reasoning.

11. Defendants acts and omissions were acts of Deliberate Indifference which created a substantial risk of serious injury to the Plaintiff, as detainee was being held as a Pretrial Detainee in their custody. I requested for a Hep. "B" and "C" vaccine, but Defendants ignored his requests. See Exhibit "3".

12. On 8/17/21, the Administration (Medical Unit) team, Ashley Monteiro, responded, clearly stating that "we do not administer Hepatitis "B" here." See Exhibit "3".

13. In an effort to be safe from getting the Hepatitis "B" and "C" virus, Plaintiff filed a grievance form dated: 9/13/2021 as a matter of procedure to communicate his concern to the Medical Administration's disregard of the excessive risk to plaintiff's health and his concerns about contracting the Hep. "B" and "C" virus, due to the lack of vaccine that he requested. See Exhibit "1".

14. On 9/13/2021, the Administration (Medical Unit) responded: "We have scheduled you with infectious disease to discuss your options," which was never scheduled, specifically, to be provided the vaccine that he had been requesting since 2020 last year to now, being the date of this law suit. See Exhibit "2".

15. On 9/20/2021, Plaintiff had an incident involving a fight, after being attacked by a fellow inmate, who had bitten his fingers. This inmate had Hep. "C" (positive), and HIV virus (positive). After being taken to the Medical Unit for evaluation, the Nurse advised Plaintiff that he would be taken to Boston Medical Center (BMC) Emergency Room in effort of preventing him from getting the HIV virus in his blood and to begin PEP treatment.

16. On 9/20/2021, Plaintiff went to the BMC Hospital Emergency Unit for treatment. The Doctor prescribed me treatment for 30 days to prevent the Plaintiff from getting the HIV virus in his blood. Also, before the treatment, the Doctor took a blood sample to be tested before starting the treatment that established proof that the Plaintiff was Negative for the HIV virus.

17. On 9/20/2021, the Doctor at BMC Emergency Unit checked the Plaintiff's blood for Hep. "B" and "C". She told the Plaintiff that he was Positive for Hep. "B", but Negative for Hep. "C".

18. On 9/20/2021, the Doctor advised that Plaintiff must wait a while and see if the virus will continue on to Hep. "C" to get treatment, but vaccine wasn't given/administered on that visit.

19. On 9/21/2021, after Plaintiff returned from BMC/Hospital Emergency Unit, he was supposed to continue with the treatment for the HIV virus as a precaution, though it took (2) two days to continue with the treatment prescribed by the Doctor at BMC Emergency Unit. Plaintiff filed grievance to the Jail's Medical Unit, for help. See Exhibit "4".

20. On 9/29/2021, the Jail Medical Unit responded: "You have been educated by the Nurse, that you have been started on these medications for 30 days." This is a Lie, as Plaintiff was never educated by any Nurse at the Jail facility regarding this treatment as the Defendant Health Services Administrator Cindylou Lyons claimed in her grievance response on 9/29/2021. See Exhibit "4" and "5".

21. The Defendants acted with Deliberate Indifference to Plaintiff's serious and potentially life threatening needs and have inflicted unnecessary and unwanton infliction of pain, and worry of dieing, including emotional suffering. Defendants had actual knowledge of a serious, life threatening medical need, and did not and/or refused to respond reasonably to the risk, and had knowledge of the deficiencies in the Jail Medical Care System.

22. The Eighth Amendment's ban on cruel and unusual punishment should not apply to detainees, since detainees cannot be punished at all, regardless of whether it is cruel and unusual, however detainees rights are determined under the Due Process Clauses, often adopting the Eighth Amendment standard of Deliberate Indifference.

## Claims for Relief

### A. Deliberate Indifference to Medical Needs

23. Defendant Wellpath, the County Jails Medical Provider have a policy of restricting and/or outright denying pretrial detainees/ the plaintiff (specifically) Hepatitis "B" vaccines, constituting Deliberate Indifference to the Plaintiff's serious, life threatening medical needs in violation of theFourteenth Amendment right to Due Process.

24. The refusal of Defendant Nurse Ashley Monteiro, to provide the Plaintiff a Hepatitis "B" vaccine, constituting Deliberate Indifference to Plaintiff's serious, life threatening medical needs in violation of the Fourteenth Amendment right to Due Process.

25. The refusal of Defendant Cindylou Lyons (HSA) to provide the Plaintiff with the Doctor Reccommended HIV treatment that was prescribed to the Plaintiff, constituted Deliberate Indifference to the Plaintiff's serious, life threatening needs, in violation of the Fourteenth Amendment right to Due Process.

26. Due to the Deliberate Indifference of the aforesaid Defendants who failed to provide needed medical treatment, Plaintiff contracted Hepatitis "B" (and possibly Hep. "C") which remains untreated, after exposure on 9/20/2021. This condition suffered may result in a life long handicap, permanent injury or death to inclued emotional pain and suffering.

## Relief Requested

WHEREFORE, Plaintiff requests that this Honorable Court grant the following relief:

A. Declare that Defendant Wellpath, Medical Provider violated Plaintiff's Fourteenth Amendment Due Process right to medical care;

B. Declare that Defendant Monteiro violated Plaintiff's Fourteenth Amendment Due Porcess right to medical care.

C. Declare that Defendant Lyons violated Plaintiff's Fourteenth Amendment Due Process right to medical care.

_(signed)_ 03/30/2022
Daudah Mayanja — Pro se
NCCI-Gardner
500 Colony Road
Gardner, MA 01440

## Verification

I, <u>Daudah, Mayanja</u>, being just duly sworn depose and says that he is the Plaintiff herein, and that he has read the following complaint and knows that the same is true of his own knowledge. Signed under the penalty of perjury.

_____  03/30/2022
Daudah Mayanja   pro se.

Daudah Mayanja
W115225
NCCI-Gardner
P.O. Box 466
500 Colony Road
Gardner, MA. 01440

Re: Documents for filing

United States District Court
Office of the Clerk
John Joseph Moakley Courthouse
1. Courthouse Way, Suite 2300
Boston, MA 02210

Dear Clerk of Courts

Please find enclosed the following documents to be placed on the Docket.

1. Verified Amended Complaint.

Please Note: I am another prisoner who helped Mayanja by redoing his original complaint and had to redraft his complaint thus, creating this Verified Amended Complaint, due to Language Barriers and the inability to write in a correct form of the English Language as it was difficult. I am not a lawyer or a paralegal and I was the only person available to help him, and I have my own legal matters to attend and cannot further represent or help him. He needs the Appointment of Counsel as he would be unable to represent himself.

Respectfully,

Daudah Mayanja    03/30/2022