UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAUDAH MAYANJA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YOLANDA SMITH, et al., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>21-11770-FDS |

# ORDER

**SAYLOR, J.**

On March 21, 2022, the Court entered an order granting the *in forma pauperis* motion of *pro se* plaintiff Daudah Mayanja and ordering him to file an amended complaint. On April 7, 2022, Mayanja filed an amended complaint and a motion for appointment of counsel.

Upon review of the amended complaint and motion for appointment of counsel, the Court hereby orders, as follows:

1. The clerk shall issue summonses for all defendants named in the amended complaint.

2. Plaintiff shall serve the summonses, amended complaint, and this order upon defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

3. Because plaintiff is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. *See* 28 U.S.C. § 1915(d). If requested by plaintiff, the USMS shall serve the summonses, amended complaint, and this order as directed by plaintiff. Plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each

party to be served.  *See Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008).  The clerk shall provide plaintiff with forms and instructions for service by the USMS.

    4.      Plaintiff shall have 90 days from the date of the issuance of the summonses to complete service.  Failure to comply with this deadline may result in dismissal of the case without prior notice to the plaintiff.  *See* Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

Service is completed when a defendant receives the summons and amended complaint in accordance with Fed. R. Civ. P. 4, not when the USMS (or other person effecting service) receives the papers to be served on a defendant.  Plaintiff must provide papers for service to the USMS (or other person effecting service) well before the 90-day service deadline to ensure that service will be completed in a timely matter.  If plaintiff needs additional time to complete service, he shall file a motion for an extension of time to complete service in which he shows "good cause" for such relief.  Fed. R. Civ. P. 4(m).[1]

    5.      The motion for appointment of counsel is DENIED without prejudice.  Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it can be very challenging to find attorneys who will accept appointment as *pro bono* counsel.  The appointment of counsel in a non-habeas civil action is only required where a party is indigent and exceptional circumstances exist such that the denial

---

[1] "Good cause" for failure to complete service in a timely fashion may include, but is not limited to, circumstances where, *through no fault of the plaintiff*, the USMS has not effectuated service prior to 90-day deadline.  *See Laurence*, 551 F.3d at 94.

of counsel will result in fundamental unfairness impinging on the party's due process rights. *See DesRosiers*, 949 F.2d at 23.

The Court has reviewed Mayanja's motion for counsel, the supporting memorandum, and a letter from another inmate who represents that he assisted Mayanja in preparing the amended complaint. The Court understands that, in general, plaintiffs who are not represented by counsel face certain challenges in prosecuting their claims. Notwithstanding, the Court cannot yet determine whether the appointment of counsel is appropriate in this action. Mayanja may renew his motion for the appointment of counsel after the defendants have been served with and responded to the amended complaint.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  May 16, 2022